**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

THE TRAVELERS COMPANIES, INC.
as fiduciary of THE TRAVELERS TRUSTEED
EMPLOYEE BENEFIT PLAN

      Plaintiff,

v.

CIMONE TEAGUE,

      Defendant.

## COMPLAINT

For its Complaint against Cimone Teague, the Plaintiff, The Travelers Companies, Inc. ("Travelers") as fiduciary and plan administrator for The Travelers Trusteed Employee Benefit Plan ("Travelers Plan" or "the Plan"), states as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1000-1461.

2. Plaintiff, Travelers, is the plan sponsor, plan administrator, and fiduciary of a self-funded employee welfare benefit plan as those terms are defined by ERISA.

3. The Plaintiff, as plan administrator and fiduciary, is authorized to bring this action on behalf of all plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

4.      This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants. No money damages are being sought from Defendant in this action.

5.      Defendant, Cimone Teague, is an adult individual, residing at 23907 Sardinia Drive, Sorrento, Florida 32776-6948. She may be served at that address.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

7.      Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in this district.

## FACTUAL ALLEGATIONS

8.      At all times relevant to this complaint, Cimone Teague ("Teague") was a participant in the Travelers Plan.

9.      On or about January 25, 2012, Teague suffered a stroke.

10.     Pursuant to its terms, the Travelers Plan paid covered medical expenses for diagnosis, treatment and rehabilitation of Teague's stroke.

11.     As a condition of receiving benefits, the Travelers Plan provides that it shall have a first priority right of subrogation and reimbursement "from the proceeds of any full or partial recovery…whether in the form of a settlement (either before or after any determination of liability) or judgment, the reasonable value of services provided under the Plan." This right applies "regardless of whether [the covered person has] been fully compensated…" Page 81 of the Summary Plan Description Choice Plus Plan for The Travelers Companies, Inc. (Attached hereto as Exhibit A).

12. On or about June 5, 2015, Cimone Teague filed a lawsuit in the Circuit Court of Orange County against various medical providers alleging that the providers' negligence in prescribing drugs that interfered with her chronic anticoagulation treatment was the direct and proximate cause of her stroke.

13. The lawsuit also alleged that as a result of the defendant medical providers' negligence, the defendants were liable for the expense of hospitalization, medical and nursing treatment associated with her stroke.

14. The Travelers Plan, through its subrogation agent, placed Teague's medical malpractice counsel on notice of the Plan's right to be reimbursed from the proceeds of any settlement or judgment.

15. The Travelers Plan, through its subrogation agent, provided an itemization of benefits totaling $188,270.54 which it believed was related to medical treatment caused directly, or indirectly, by Teague's January 25, 2012 stroke.

16. At no time prior to the resolution of her medical malpractice claim, did Teague or her counsel inform the Travelers Plan or its agent that the medical treatment reflected in the itemization was not related to her medical negligence claim.

17. Upon information and belief, Teague made demands upon the malpractice defendants which included medical treatment paid by the Travelers Plan.

18. On October 12, 2018, defendants in the medical malpractice action served Teague's counsel with a Proposal for Settlement.

19. On November 1, 2018, the medical malpractice defendants filed a Motion for Partial Summary Judgment seeking to limit Teague's ability to recover past medical expenses at trial to $9,732.70.

20. Neither Teague nor her counsel informed the Travelers Plan, or its agent that the Motion for Partial Summary Judgment had been filed.

21. Teague did not file any papers opposing the Motion for Partial Summary Judgment.

22. The motion was heard on November 15, 2018. Although present at the hearing, Teague's counsel did not oppose the motion in any way. The hearing lasted three minutes and concluded with the Circuit Court granting the defendants' motion.

23. On November 20, 2018, Teague accepted the Proposal for Settlement offered by the defendants on October 12, 2018.

24. Upon information and belief, the sole purpose of the defendants' Motion for Partial Summary Judgment was an attempt by the parties to limit the amount of reimbursement owed to the Travelers Plan.

25. The Travelers Plan was not a party to the underlying action and did not have notice of the motion. As such, the order granting the motion has no preclusive effect on the Plan's right of reimbursement.

26. Teague, through counsel, has provided the Plan's agent with notice of a motion that Teague has filed in the medical malpractice action seeking to "reduce collateral source lien" under Fla. Stat. 768.76. The motion is currently set for April 2, 2019.

27. The federal courts have exclusive subject matter jurisdiction over an action by Travelers to enforce the terms of the Travelers Plan.

## COUNT I
## EQUITABLE LIEN BY AGREEMENT

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 25 above.

29. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff seeks equitable relief against Teague to enforce ERISA and the written terms of the Travelers Plan.

28. Upon information and belief, Teague is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Travelers Plan.

29. Teague, through counsel, has refused to turn over the settlement funds according to the written provisions of the Plan. Teague's refusal violates the terms of the Travelers Plan and ERISA. The Travelers Plan is entitled to equitable relief in the form of an equitable lien by agreement with respect to the disputed funds, or any assets acquired with such funds, held in Teague's actual or constructive possession.

30. Teague should be ordered to turn over to the Travelers Plan any settlement funds in her actual or constructive possession, up to an amount that this Court determines was included in Teague's malpractice claim and settlement.

31. The Travelers Plan should receive an equitable lien by agreement on any asset obtained with the settlement funds that is in Teague's actual or constructive possession.

**COUNT II**
**DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201**

32. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 31, above.

33. The Travelers Plan has an enforceable right to reimbursement for medical expenses it paid on behalf of Cimone Teague out of any and all settlement funds she received in settlement of her medical negligence claim.

34. Teague's medical negligence complaint and demands asserted that all, or a portion of, the medical expenses paid by the Travelers Plan were caused by medical negligence.

35. By accepting benefits under the Travelers Plan, Teague agreed that she would: "not accept any settlement that does not fully compensate or reimburse [the Plan] without [the Plan's] written approval."

36. Teague did not seek the Travelers Plan's written approval, nor notify the Travelers Plan of the parties' attempt to limit the reimbursement of medical expenses in the medical negligence action.

37. Teague should be estopped from claiming that the payments made by the Travelers Plan were not contemplated by the settlement.

38. Plaintiff seeks a declaratory judgment from the Court declaring that the payments made by the Travelers Plan were included in Teague's malpractice claim.

## COUNT III
## INJUNCTION

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

40. By accepting benefits under the Travelers Plan, Teague agreed to: (1) "cooperate with [the Plan] in protecting [the Plan's] legal rights to subrogation and reimbursement;" and (2) "to do nothing to prejudice [the Plan's] rights…"

41. Despite this agreement, Teague has continued to take actions to the detriment of the Plan's rights, including filing motions in the medical malpractice action attempting to reduce the Plan's interest.

42. Pursuant to 29 U.S.C. § 1132(a)(3)(A), Teague should be enjoined from taking any action that would violate her duties under the terms of the Plan.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42, above.

44. Plaintiff seeks its actual attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** the Plaintiff seeks the following relief:

a. For service upon the Defendants as required by law;

b. An order imposing a constructive trust and/or equitable lien in favor of the Travelers Plan in the amount of $188,270.54 (or an amount determined by the Court to be included in Teague's malpractice claim) upon any settlement funds or any property into which they have been converted which are in Teague's actual or constructive possession or under the Teague's or Teague's counsels' control;

c. An order enjoining Teague from dissipating any of the settlement funds held in her actual or constructive possession until the Plan's rights can be adjudicated;

d. An order enjoining Teague from transferring or disposing of the settlement funds which would prejudice, frustrate or impair the Plan's ability to recover same;

e. A declaration of the Plan's ownership of the above-referenced settlement funds in an amount determined by the Court to have been included in Teague's medical negligence claim;

f. An order enjoining Teague from taking any action that would violate her duty of cooperation with the Plan;

g. An order awarding to the Plan actual attorney's fees and costs incurred herein, pursuant to 29 U.S.C. §1132(g)(1) and

h. Other and further equitable relief to which the Plan may be entitled.

This 15th day of March, 2018.

                    Respectfully submitted,

                    KOLB CLARE & ARNOLD

                    /s/ John D. Kolb
                    John D. Kolb, Esq.
                    KOLB CLARE & ARNOLD
                    8914 Stone Green Way
                    Louisville, KY 40220
                    Phone: (502) 614-3776
                    Fax: (844) 557-4329
                    jkolb@kcalegal.com